**AERO–COLOURS, INC.,**
**Plaintiff–Appellee,**

v.

**John PROPST and International Flying**
**Colors, Inc., Defendants–Appellants.**

**No. 87–2577**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1987.

Ben D. Tobor, Tudzin & Tobor, Houston, Tex., for Propst.

John Graham Hill, Mark A. Carrigan, Hill, Parker, Franklin, Cardwell & Jones, Houston, Tex., for International Flying Colors, Inc.

Thomas G. Beatty, Linda J. Seifert, Creek, Cal., for Aero–Colours, Inc.

Before CLARK, Chief Judge, and WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Defendants-appellants, International Flying Colors, Inc. (IFC) and John Propst, appeal the district court's dismissal of Aero–Colours, Inc.'s (Aero-Colours) action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, 114 FRD 107. We affirm.

I.

Appellant Aero–Colours is a California corporation in the business of painting used cars. IFC, a Texas corporation with its principal place of business in Houston, Texas, is a competitor of Aero-Colours. In the spring of 1986, IFC demanded that Aero–Colours cease using a confidential technique that IFC developed for painting and restoring painted surfaces in automobiles. Aero–Colours responded to IFC's demand by filing a declaratory judgment action in the Central District of California, seeking to confirm its right to use the auto painting process in question. Without filing an answer, IFC and Propst moved for a change of venue to the Southern District of Texas. The Central District Court of California ordered the suit transferred in November 1986.

The parties then attempted to file the following pleadings in the Central District of California and the Southern District of Texas: (1) on December 1, the defendants, IFC and Propst, attempted to file their answer and counterclaim with the clerk of the Central District of California, who refused to accept the answer and counterclaim on ground that the case had already been transferred to the Southern District of Texas; (2) on December 3, IFC and Propst attempted to file their answer and counterclaim with the clerk of the Southern District of Texas, who refused these pleadings on ground that the case had not been transferred from California; and (3) on December 8, the plaintiff attempted to file notices of voluntary dismissal with both the clerks of the Central District of California and the Southern District of Texas, both of whom refused to accept the plaintiff's notice, once again on the ground that the case

was not docketed by their respective courts at that time. On December 10, the defendants finally succeeded in filing an answer with the clerk of the Southern District of Texas and serving that answer on the plaintiff.

Because the Central District of California did not physically deliver the file until December 5, the Southern District of Texas held that the date of physical delivery of the file would serve as the effective transfer date. Accordingly, the district court held that its clerk should have accepted all instruments filed after December 5, including the December 8 motion to dismiss. Since IFC and Propst never served their answer on Aero–Colours until December 10, the court held that the plaintiff had a right to a voluntary dismissal under Rule 41 and granted Aero–Colours' motion to nonsuit its action.

On appeal, IFC and Propst challenge the district court's interpretation of Rule 41. The narrow question presented in this case, therefore, is whether a defendant must actually serve a plaintiff to preclude the plaintiff from dismissing its action as of right under Rule 41(a).

## II.

The district court correctly found the answer to the question posed by this case in the plain language of Rule 41. Federal Rule of Civil Procedure 41(a)(1)(i) (emphasis. added) provides in part:

> Subject to the provisions of Rule 23(c), of Rule 66, and of any statutes of the United States, an action may be dismissed by the plaintiff without order of court (i) by *filing* a notice of dismissal at any time before *service* by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.

We agree with the Seventh Circuit's succinct statement of the intent of the rule:

> Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither,

it has not. We are unwilling to upset the balance struck in Rule 41(a)(1) by adding some different test.

*Winterland Concessions Co. v. Smith,* 706 F.2d 793, 795 (7th Cir.1983). Thus, even if the district court had considered the defendants' pleadings as filed before December 8, filing alone would not have tolled the plaintiff's right to voluntary dismissal under Rule 41(a).

The district court correctly concluded that the plaintiff could nonsuit its action because it did so before the defendants served their answers on plaintiff. *See* C. Wright & A. Miller, *Federal Practice & Procedure Civil* § 2363 at 152 (1969).

AFFIRMED.