# United States Court of Appeals for the Federal Circuit

2005-1610, 2006-1285


RFR INDUSTRIES, INC.,

Plaintiff-Appellant,

v.


CENTURY STEPS, INC.
(doing business as Century Precast),

Defendant-Appellee.



Robert G. Oake, Jr., of Allen, Texas, argued for plaintiff-appellant.

John R. Emerson, Haynes and Boone, LLP, of Dallas, Texas, argued for defendant-appellee.  With him on the brief was Benjamin L. Mesches.


Appealed from:  United States District Court for the Northern District of Texas

Judge Ed Kinkeade

# United States Court of Appeals for the Federal Circuit

2005-1610, 2006-1285


RFR INDUSTRIES, INC.,

Plaintiff-Appellant,


v.


CENTURY STEPS, INC.
(doing business as Century Precast),

Defendant-Appellee.


_____

DECIDED:  February 16, 2007

_____


Before MICHEL, <u>Chief Judge</u>, SCHALL and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

RFR Industries, Inc. ("RFR") appeals from a judgment of the United States District Court for the Northern District of Texas granting Century Steps, Inc.'s ("Century") motion for judgment on the pleadings and granting Century's motion for attorney fees under 35 U.S.C. § 285.  Because RFR voluntarily dismissed this action under Fed. R. Civ. P. 41(a)(1)(i) before Century served its answer on RFR, we vacate the district court's grant of judgment on the pleadings.  And because Century is not a prevailing party, we reverse the district court's grant of attorney fees.

BACKGROUND

RFR is the assignee of two patents relating to an embedded railway track system, U.S. Patent No. 5,577,662 ("'662 patent") and U.S. Patent No. 5,535,947 ("'947 patent"). The '662 patent is directed to a product that the parties refer to as "flangeway filler," and the '947 patent is directed to a method of installing the flangeway filler.

In 2000, RFR and Century entered into a written agreement to settle a patent infringement lawsuit brought by RFR in 1998. As part of the settlement agreement, Century promised to purchase a certain amount of flangeway filler from RFR. The agreement also granted Century an express license under the '662 and '947 patents to use, sell, and offer to sell any flangeway filler it had purchased from RFR. The agreement stated that RFR's sale of flangeway filler to Century "is not intended to create an implied license under either Patent."

In October 2004, RFR filed this action against Century in the United States District Court for the Northern District of Texas, alleging direct, induced, and contributory infringement of the '662 and '947 patents. Specifically, the complaint alleged that Century refused to pay for some flangeway filler it had ordered and received from RFR pursuant to the 2000 settlement agreement. The complaint further alleged that Century sold the flangeway filler to others and that it had been installed in a way that infringed the '662 and '947 patents.

Century filed an answer and faxed a copy to RFR's attorney. In its answer, Century admitted that it had withheld payment on at least one order of flangeway filler but asserted that RFR's claims were "barred by the doctrines of patent exhaustion and implied license."

For reasons not important to the disposition of this appeal, RFR decided not to continue to pursue its claims in this action. Subsequently, RFR filed a document entitled "RFR's Notice of Dismissal Without Prejudice and Alternative Motion to Dismiss Without Prejudice." In this document, RFR stated that it was dismissing the action under Fed. R. Civ. P. 41(a)(1)(i), which provides that an action may be dismissed by the plaintiff without a court order "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." RFR's notice also stated: "In the event RFR's prior notice of dismissal or notice of dismissal herein is deemed inadequate to dismiss this case without prejudice, RFR hereby moves this Court to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2)."[1] Century opposed RFR's notice of dismissal and moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).

The district court denied RFR's motion to dismiss and granted Century's motion for judgment on the pleadings. RFR Indus., Inc. v. Century Steps, Inc., No. 3:04-CV-2300 (N.D. Tex. Aug. 11, 2005). With respect to RFR's attempt to dismiss the case under Rule 41(a)(1)(i), the court stated that it "deems that Century's answer was filed when served on RFR by fax, therefore RFR cannot dismiss this case without prejudice absent order from the Court." Id., slip op. at 1. The court also denied RFR's motion to dismiss under Rule 41(a)(2). Id. Finally, the district court held that RFR's patent rights in the flangeway filler it had provided to Century were exhausted and granted Century's motion for judgment on the pleadings. Id., slip op. at 3-5.

---

[1] Fed. R. Civ. P. 41(a)(2) provides that a case may be dismissed at the plaintiff's instance "upon order of the court and upon such terms and conditions as the court deems proper."

Century then filed a motion for attorney fees under 35 U.S.C. § 285. The district court granted Century's motion, stating that "RFR knew or should have known that it's [sic] patent-infringement claim was baseless." RFR Indus., Inc. v. Century Steps, Inc., No. 3:04-CV-2300, slip op. at 3 (N.D. Tex. Feb. 28, 2006).

RFR now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

RFR makes three arguments on appeal. First, RFR argues that the district court lacked jurisdiction to grant Century's motion for judgment on the pleadings because RFR filed a notice of dismissal before Century served RFR with an answer. Alternatively, it argues that the district court erred in granting Century's motion for judgment on the pleadings because its patent rights in the flangeway filler were not exhausted. Finally, RFR argues that the district court erred in granting Century's motion for attorney fees under 35 U.S.C. § 285.

I

RFR first argues that it had an absolute right to dismiss its action without prejudice because Century had not properly served RFR with an answer before RFR filed a notice of dismissal. Because RFR's right to a dismissal under Fed. R. Civ. P. 41 is an issue that is not unique to patent law, we apply the law of the Fifth Circuit. See Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 857-58 (Fed. Cir. 1991) ("[O]ur practice has been to defer to regional circuit law when the precise issue involves an interpretation of the Federal Rules of Civil Procedure or the local rules of the district court.").

Fed. R. Civ. P. 41(a)(1) provides:

2005-1610, 2006-1285                     4

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

The Fifth Circuit has long taken the position that Rule 41(a)(1)(i) "means what it says." Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977); see also Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976); Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters, 506 F.2d 914, 916 (5th Cir. 1975); Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963). So long as a plaintiff has not been served with an answer or a motion for summary judgment, the plaintiff need do no more than file a notice of dismissal to dismiss the case.[2] Williams, 531 F.2d at 1263-64. No order from the court is necessary. Id. Indeed, the court has no power or discretion to deny the plaintiff the right to dismiss under Rule 41(a)(1)(i). Id. at 1264.

Moreover, the Fifth Circuit has made clear that the adverse party must actually serve the plaintiff in order to prevent the plaintiff from dismissing its action under Rule 41(a)(1)(i). Aero-Colours, Inc. v. Propst, 833 F.2d 51, 52 (5th Cir. 1987). The mere filing of an answer or a motion for summary judgment in the court, without service on the plaintiff, is not enough. Id.

Turning to this appeal, it is clear that this action was dismissed without prejudice when RFR filed a notice of dismissal. Although Century had already filed an answer

---

[2] Although Rule 41(a)(1) is "subject to the provisions of Rule 23(e) [and] of Rule 66," neither of these rules is implicated in this case.

and faxed a copy to RFR, Century had not served an answer on RFR.[3]  Indeed, Century admits that Fed. R. Civ. P. 5(b)(2) permits service by fax only when it is "consented to in writing by the person served," and RFR had not consented to fax service.  Accordingly, because Century had not yet served on RFR either an answer or a motion for summary judgment, we hold that this action was dismissed when RFR filed its notice of dismissal.

In so holding, we reject Century's request that we excuse its noncompliance with Rule 5(b)(2).  Century cites <u>Salley v. Board of Governors</u>, 136 F.R.D. 417 (M.D.N.C. 1991), and <u>Switzer v. Sullivan</u>, No. 95 C 3793, 1996 WL 52911 (N.D. Ill. Feb. 5, 1996), in support of its argument that noncompliance with Rule 5(b)(2) may be excused for "exceptional good cause."  Century contends that exceptional good cause exists in this case because (1) RFR actually received a copy of Century's answer by fax, (2) RFR had previously agreed to accept service by fax from Century in a different case, and (3) RFR never objected to Century's service by fax before RFR filed a notice of dismissal.

We find Century's argument to be unpersuasive for two reasons.  First, Century has not pointed to any authority from the Fifth Circuit, nor have we found any, recognizing an "exceptional good cause" exception to Rule 5(b)(2)'s requirement that service by fax be consented to in writing.  Second, even if the Fifth Circuit were to recognize such an exception, Century has not pointed out any circumstances that would amount to exceptional good cause.  Indeed, the advisory committee notes

---

[3]  Fed. R. Civ. P. 5(b)(2) provides that service is made by:
(A) Delivering a copy to the person served . . . .
(B) Mailing a copy to the last known address of the person served. . . .
(C) If the person served has no known address, leaving a copy with the clerk of the court.
(D) Delivering a copy by any other means, including electronic means, consented to in writing by the person served. . . .

accompanying Rule 5 reiterate that consent to fax service under Rule 5(b)(2) "must be express, and cannot be implied from conduct." To hold that the circumstances pointed to by Century amount to exceptional good cause would be doing nothing more than implying RFR's consent in this case from its conduct in a different case, which is clearly not contemplated by the rule.

We hold that RFR's action was dismissed without prejudice upon its filing of a notice of dismissal. Accordingly, the district court's grant of Century's motion for judgment on the pleadings—a resolution of the merits of the case—was both improper and without effect. We therefore vacate the district court's grant of judgment on the pleadings. Because we hold that this action was dismissed upon RFR's filing of a notice of dismissal, we need not address RFR's alternative merits argument.

II

Even though we hold that RFR dismissed its infringement suit without prejudice under Rule 41(a)(1)(i), Century nevertheless argues that we may affirm the district court's award of attorney fees pursuant to 35 U.S.C. § 285. We disagree and reverse the award of attorney fees.

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." By its terms, the statute requires that the recipient of attorney fees be a "prevailing party." We review de novo whether a party is a prevailing party under § 285, applying the law of the Federal Circuit. Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1032 (Fed. Cir. 2006).

We hold that a plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) does not bestow "prevailing party" status upon the defendant. In order for a

defendant to be said to have "prevailed" as the result of a Rule 41 dismissal, the dismissal must have "sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.'" Id. at 1034 (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). A plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i), however, does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action. See Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir. 1987) ("Because the Rule 41(a)(1)(i) dismissal is without prejudice . . . it is not the practical equivalent of a victory for defendant on the merits."). Moreover, as noted above, a plaintiff's voluntary dismissal under Rule 41(a)(1)(i) is not "judicially sanctioned" because it does not require a court order, nor does the court have the power or discretion to place any conditions on it.

Put simply, this action was dismissed without prejudice when RFR filed a notice of dismissal pursuant to Rule 41(a)(1)(i). RFR's dismissal did not give Century "prevailing party" status. Because Century is not a "prevailing party," it is not entitled to attorney fees under 35 U.S.C. § 285. Accordingly, we reverse the district court's award of attorney fees.

CONCLUSION

For the foregoing reasons, we vacate the district court's grant of judgment on the pleadings and reverse the district court's award of attorney fees.[4]

COSTS

Each party shall bear its own costs.

<u>VACATED-IN-PART AND REVERSED-IN-PART</u>

---

[4]     RFR filed a motion to remand this case to a different judge.  This motion is denied as moot.