Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2005-1587

RFR INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

REX-HIDE INDUSTRIES, INC.,

Defendant/Third Party Plaintiff-Appellee,

v.

CENTURY STEPS, INC.
(doing business as Century Precast),

Third Party Defendant-Appellee.

Robert G. Oake, Jr., Oake Law Office, of Allen, Texas, argued for plaintiff-appellant.

W. Todd Hoeffner, Hoeffner & Bilek, L.L.P., of Houston, Texas, argued for defendant/third party plaintiff-appellee.  With him on the brief was Thomas E. Bilek.

John R. Emerson, Haynes & Boone LLP, of Dallas, Texas, argued for third party defendant-appellee.  With him on the brief was Benjamin L. Mesches.

Appealed from:  United States District Court for the Northern District of Texas

Judge Ed Kinkeade

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2005-1587

RFR INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

REX-HIDE INDUSTRIES, INC.,

Defendant/Third Party Plaintiff-
Appellee,

v.

CENTURY STEPS, INC.
(doing business as Century Precast),

Third Party Defendant-Appellee.

_____

DECIDED: March 23, 2007

_____

Before MICHEL, Chief Judge, SCHALL and PROST, Circuit Judges.

PROST, Circuit Judge.

RFR Industries, Inc. ("RFR") appeals from a final judgment of the United States District Court for the Northern District of Texas. RFR appeals the district court's determination that RFR cannot recover damages for patent infringement from Defendant/Third Party Plaintiff Rex-Hide Industries, Inc. ("Rex-Hide"). RFR also appeals the district court's grants of attorney fees to Rex-Hide and Third Party Defendant Century Steps, Inc. ("Century"). Finally, RFR appeals the district court's entry of a permanent injunction prohibiting RFR from pursuing certain claims against

Century in arbitration and ordering RFR to file all future related actions in the Northern District of Texas in Judge Kinkeade's court. We affirm-in-part, reverse-in-part, vacate-in-part, and remand for further proceedings consistent with this opinion.

BACKGROUND

RFR is the assignee of two patents relating to an embedded railway track system, U.S. Patent No. 5,577,662 ("'662 patent") and U.S. Patent No. 5,535,947 ("'947 patent"). The '662 patent is directed to a railway system that utilizes a rubber product referred to by the parties as "flangeway filler," and the '947 patent is directed to a method of installing the flangeway filler.

In 1998, RFR sued Century for patent infringement, alleging that Century's sale of flangeway filler infringed the '662 and '947 patents. In 2000, RFR and Century entered into a written agreement to settle their dispute ("the 2000 settlement agreement"). The 2000 settlement agreement contained a number of provisions relevant to this appeal. First, Century agreed not to make, use, sell, offer to sell, or import flangeway filler that infringed the '662 or '947 patents, and Century consented to the entry of a permanent injunction prohibiting it from doing any of these activities. Second, Century agreed to pay a sum of money to RFR. Third, Century agreed to purchase a specified amount of flangeway filler from RFR, and the 2000 settlement agreement provided Century with an express license under the '662 and '947 patents to use, sell, and offer to sell any flangeway filler it had purchased from RFR.

Fourth, the 2000 settlement agreement provided that RFR was releasing Century from RFR's patent infringement claims in the underlying lawsuit. The agreement provided, however, that notwithstanding RFR's release of Century, "nothing in this

Agreement shall be construed as a release by RFR of Rex-Hide . . . or any other extruder that manufactured for Century [Flangeway] Filler ('Century Extruders') . . . ." RFR further agreed "to indemnify and hold harmless Century . . . from any claim made against Century . . . by any Century Extruder as a result of any RFR claim against any Century Extruder." Finally, in a section of the 2000 settlement agreement entitled "FUTURE DISPUTE RESOLUTION," RFR and Century agreed to submit to binding arbitration all claims arising out of the 2000 settlement agreement except for "motions for contempt for alleged violation of the permanent injunction or . . . complaints for patent infringement," which were to be filed in federal district court.

On March 29, 2004, RFR filed this action against Rex-Hide, a custom rubber extruder who had been Century's main supplier of the allegedly infringing flangeway filler. The complaint alleged that Rex-Hide's manufacture and sale of flangeway filler to Century constituted induced and contributory infringement of the '662 and '947 patents. Rex-Hide then filed a third-party complaint against Century, alleging that Century was required to indemnify it against RFR's infringement claims. Century, in turn, filed a cross-claim against RFR, alleging that the 2000 settlement agreement required RFR to indemnify it. Finally, RFR filed a counterclaim against Century, seeking a declaration that the 2000 settlement agreement did not require RFR to indemnify Century against Rex-Hide's claim.

On January 13, 2005, the district court granted partial summary judgment to Century, holding that the 2000 settlement agreement required RFR to indemnify Century against Rex-Hide's claim. RFR Indus., Inc. v. Rex-Hide Indus., Inc., No. 3:02-CV-1444-K, slip op. at 3-4 (N.D. Tex. Jan. 13, 2005) ("Summary Judgment Order"). On

August 11, 2005, after a bench trial, the court determined that Century was required to indemnify Rex-Hide against RFR's claims pursuant to (1) the flangeway filler sales contract between Rex-Hide and Century and (2) the Texas Business & Commerce Code. RFR Indus., Inc. v. Rex-Hide Indus., Inc., No. 3:02-CV-1444-K, 2005 WL 2036393, at *2 (N.D. Tex. Aug. 11, 2005) ("Circular Indemnity Order"). The court also held that RFR's duty to indemnify Century and Century's duty to indemnify Rex-Hide "creates a circular indemnity that extinguishes RFR's patent-infringement claims against Rex-Hide." Id.

In addition, the district court considered Century's and Rex-Hide's applications for attorney fees and expenses. In its Summary Judgment Order, the court held that RFR's duty to indemnify Century included paying any attorney fees and expenses incurred by Century while defending against Rex-Hide's claim. Slip op. at 4. In its Circular Indemnity Order, the court held that Century's duty to indemnify Rex-Hide included paying any attorney fees and expenses incurred by Rex-Hide while defending against RFR's claims. 2005 WL 2036393, at *2. In addition, the court held that RFR's duty to indemnify Century required RFR to pay Century for Rex-Hide's recovery from Century of Rex-Hide's attorney fees and expenses. Id. Finally, in yet another order, the court determined that Rex-Hide was entitled to $222,860.21 in attorney fees and expenses and Century was entitled to $79,679.24 in attorney fees and expenses. RFR Indus., Inc. v. Rex-Hide Indus., Inc., No. 3:02-CV-1444-K, slip op. at 5-6 (N.D. Tex. Aug. 11, 2005) ("Attorney Fees Order").

While all of this was going on in the district court, the parties were involved in a number of collateral disputes. When RFR first refused to indemnify Century in this

action, Century withheld the remaining payments it owed RFR under the 2000 settlement agreement. Century also refused to pay RFR for some flangeway filler it had ordered from RFR pursuant to the 2000 settlement agreement. RFR responded to Century's nonpayment in three ways. First, RFR filed an arbitration demand seeking both payment of the owed settlement amounts and payment for the flangeway filler Century had ordered from RFR. Second, in October 2004 RFR filed a new patent infringement suit against Century, alleging that Century's nonpayment for and subsequent resale of the flangeway filler constituted infringement of the '662 and '947 patents.[1] Third, RFR filed a petition to show cause in the 1998 lawsuit, alleging that Century's nonpayment for and subsequent resale of the flangeway filler it had ordered from RFR violated the permanent injunction entered in that case.

All of the collateral disputes led the district court to take action in this case. On August 11, 2005, the district court entered a preliminary injunction prohibiting RFR from pursuing its arbitration claims and ordering RFR "to file any and all future actions relating to the RFR patents, or the RFR-Century Settlement Agreement in the Northern District of Texas in Judge Kinkeade's Court."[2] RFR Indus., Inc. v. Rex-Hide Indus., Inc., No. 3:02-CV-1444-K, slip op. at 5 (N.D. Tex. Aug. 11, 2005) ("Preliminary Injunction Order"). The court later made the injunction permanent. RFR Indus., Inc. v. Rex-Hide

---

[1] RFR later attempted to dismiss this suit under Fed. R. Civ. P. 41, however, the district court granted judgment on the pleadings to Century. See RFR Indus., Inc. v. Century Steps, Inc., Nos. 2005-1610, 2006-1285, 2007 WL 489485, at *2 (Fed. Cir. Feb. 16, 2007). On appeal, this court held that RFR dismissed its suit pursuant to Fed. R. Civ. P. 41(a)(1)(i) when RFR filed a notice of dismissal before Century served its answer on RFR. Id. at *4.

[2] Judge Kinkeade presided over this case in the district court.

Indus., Inc., No. 3:02-CV-1444-K, slip op. at 2 (N.D. Tex. Jan. 28, 2006) ("Amended Judgment"). Finally, on June 27, 2006, while RFR's appeal to this court was pending, the district court on its own initiative issued a memorandum opinion clarifying the scope of the permanent injunction and requesting leave of this court to make the clarification. RFR Indus., Inc. v. Rex-Hide Indus., Inc., No. 3:02-CV-1444-K (N.D. Tex. June 27, 2006) ("Clarification Opinion").

## DISCUSSION

RFR makes, essentially, four arguments on appeal. First, RFR argues that the district court's determination that RFR could not recover patent infringement damages from Rex-Hide was erroneous because Century was not required to indemnify Rex-Hide against RFR's infringement claims. Second, RFR argues that the district court's determination that RFR could not recover damages from Rex-Hide was erroneous because RFR was not required to indemnify Century against Rex-Hide's claim. Third, RFR argues that the district court erred by awarding attorney fees and expenses to Century and Rex-Hide. Finally, RFR argues that the district court improperly entered a permanent injunction prohibiting RFR from pursuing its arbitration claims and ordering RFR to file any future related claims in the Northern District of Texas in Judge Kinkeade's court.

### A

RFR first takes issue with the district court's determination that Century was required to indemnify Rex-Hide. On August 11, 2005, after a bench trial, the court determined that Century was required to indemnify Rex-Hide against RFR's infringement claims under both (1) the Rex-Hide/Century flangeway filler sales contract

and (2) the Texas Business & Commerce Code. <u>Circular Indemnity Order</u>, 2005 WL 2036393, at \*2.

Specifically, the district court found that Century provided Rex-Hide with specifications for the flangeway filler. Rex-Hide, in turn, gave Century a price quotation form, which stated the terms under which Rex-Hide would manufacture the flangeway filler for Century. This form contained the following indemnification provision:

> In the event any of the parts produced under this contract infringe or are claimed to infringe any patent, copyright, or trademark, you agree to indemnify and save us harmless from any and all damages, losses or expenses, direct or indirect, to which we may be subjected on that account including but not limited to losses resulting from judgments, attorneys' fees or settlements with or without your consent.

<u>Id.</u> at \*1. After receiving Rex-Hide's quotation form, Century sent Rex-Hide a purchase order for the flangeway filler, which was accepted by Rex-Hide. The district court found that Century's purchase order did not contradict the terms of Rex-Hide's quotation form and that the indemnification provision on Rex-Hide's quotation form became part of the contract between Rex-Hide and Century. <u>Id.</u> at \*2. The court also determined that the indemnification provision required Century to indemnify Rex-Hide against RFR's patent infringement claims. <u>Id.</u>

RFR argues that the district court erred in two respects. First, RFR argues that the indemnification provision was not part of the contract between Rex-Hide and Century. Specifically, RFR contends that the quotation form was not an offer that could be accepted by Century because the quotation form reserved the final right of acceptance to Rex-Hide. But even if the quotation form was not an offer, RFR has not provided this court with any basis to assign error to the district court's determination that

the terms on the quotation form became part of the contract. Accordingly, we reject RFR's first argument.

Second, RFR argues that even if the indemnification provision became part of the contract, Rex-Hide is only entitled to indemnification if the parts Rex-Hide produced directly infringed the patents, but not if Rex-Hide is found to be liable for contributory or induced infringement. RFR points out that the indemnification provision only requires Century to indemnify Rex-Hide "[i]n the event any of the parts produced under th[e] contract infringe or are claimed to infringe any patent." Id. at *1. RFR argues that Rex-Hide is not entitled to indemnification under this provision because RFR does not claim that the parts Rex-Hide produced directly infringed RFR's patents.

We agree with the district court, however, and reject RFR's second argument. Parts don't infringe a patent by themselves; it is Rex-Hide's making and selling the parts that can give rise to a claim of infringement. Accordingly, the provision is best read to protect Rex-Hide from a claim of infringement arising from its making and selling the flangeway filler. RFR has not provided us with a persuasive basis to reverse the district court's determination that the provision encompasses claims of indirect infringement. Therefore, we affirm the district court's determination that Century was required to indemnify Rex-Hide under the terms of the flangeway filler sales contract.[3]

---

[3]    The district court also held that Century was required to indemnify Rex-Hide under Texas Business & Commerce Code § 2.312(c), which states that "a buyer who furnishes specifications to the seller must hold the seller harmless against any [claim of infringement or the like] that arises out of compliance with the specifications." Id. at *2. Because we affirm the district court's determination that Century was required to indemnify Rex-Hide under the terms of the flangeway filler sales contract, we need not decide whether indemnification was also required under the Texas Business & Commerce Code.

B

RFR next takes issue with the district court's determination that the 2000 settlement agreement required RFR to indemnify Century. The 2000 settlement agreement provided that RFR would "indemnify and hold harmless Century . . . from any claim made against Century . . . by any Century Extruder as a result of any RFR claim against any Century Extruder." The agreement specifically identified Rex-Hide as a "Century Extruder." The district court held that the 2000 settlement agreement was unambiguous and that it required RFR to indemnify Century against Rex-Hide's claim. Summary Judgment Order, slip op. at 3-4.

On appeal, RFR argues that this provision should not be given effect because it conflicts with another provision of the 2000 settlement agreement, which states that "nothing in this Agreement shall be construed as a release by RFR of Rex-Hide . . . ." We agree with the district court, however, and reject RFR's argument. It is apparent from the 2000 settlement agreement that the parties anticipated that RFR might sue Rex-Hide, who might, in turn, sue Century. And the agreement explicitly protects Century in such a situation. It is only in combination with Century's duty to indemnify Rex-Hide that RFR is precluded from recovering damages from Rex-Hide. This is not a "release" of Rex-Hide; for instance, had RFR chosen to do so, RFR could have pursued injunctive relief against Rex-Hide.

C

Next, RFR assigns error to the district court's grants of attorney fees and expenses to Century and Rex-Hide. RFR first argues that neither Century nor Rex-Hide is entitled to any attorney fees and expenses. We reject RFR's argument because RFR

has not provided this court with a persuasive basis to reverse the district court's determination that, under Texas law, the indemnity provision in the 2000 settlement agreement entitled Century to recover attorney fees and expenses for defending against Rex-Hide's claim. Nor has RFR provided this court with a persuasive basis to reverse the district court's determination that the indemnity provision in the Rex-Hide/Century sales contract entitled Rex-Hide to recover attorney fees or expenses for defending against RFR's claims.

In the alternative, RFR argues that under Texas law Rex-Hide and Century may not recover fees and expenses incurred in the process of establishing their respective rights to indemnification. Accordingly, RFR argues that the district court improperly allowed Rex-Hide and Century to recover attorney fees and expenses insofar as those fees and expenses were incurred while establishing their rights to indemnification. On appeal, Rex-Hide and Century do not take issue with RFR's interpretation of the law. Nevertheless, Rex-Hide and Century assert two bases for affirming the district court's grants of attorney fees and expenses.

First, Rex-Hide and Century argue that they should be able to recover attorney fees and expenses for establishing their rights to indemnification because establishing their rights to indemnification essentially eliminated their liabilities as effectively as if Rex-Hide had obtained a judgment of non-infringement or invalidity. Were we to accept this argument, however, it would mean that a party could always recover attorney fees and expenses for establishing its right to indemnification. And Rex-Hide and Century do not dispute RFR's assertion that a party may not recover fees and expenses for establishing the party's right to indemnification. We therefore reject this argument.

During oral argument, Rex-Hide suggested a second basis for affirming the district court's grants of attorney fees and expenses. Specifically, Rex-Hide contended that the district court reduced Rex-Hide's and Century's awards to take into account the fees and expenses Rex-Hide and Century incurred while establishing their rights to indemnification. We cannot affirm the awards on this basis. It is true that the district court made a downward adjustment of 30% of Rex-Hide's and Century's requested amounts; however, the district court did not state that it was reducing Rex-Hide's or Century's award because some of the fees were incurred while establishing the right to indemnification. Instead, the district court cited "the time and amount involved, the nature of the case, fee awards in similar cases and that the case only required a one day bench trial." Attorney Fees Order, slip op. at 3-4. Thus, it appears that the district court improperly allowed Rex-Hide and Century to recover fees for establishing their respective rights to indemnification.[4] Consequently, we vacate the district court's Attorney Fees Order and remand to the district court.

On remand, the district court should determine the portion of Rex-Hide's requested fees and expenses incurred while establishing Rex-Hide's right to indemnification from Century and adjust Rex-Hide's award accordingly. Similarly, the district court should determine the portion of Century's requested fees and expenses

---

[4] Indeed, that the Attorney Fees Order mentioned that the bench trial only lasted one day suggests that the district court improperly included time spent establishing the right of indemnification since the bench trial only involved the issue of indemnification.

incurred while establishing Century's right to indemnification under the 2000 settlement agreement and adjust Century's award accordingly.[5]

D

Next, RFR appeals the district court's entry of a permanent injunction. The permanent injunction, as elucidated by the district court in its <u>Clarification Opinion</u>, prohibits RFR from pursuing its arbitration claims and directs RFR to bring all future actions against Century or Rex-Hide related to the '662 and '947 patents in the Northern District of Texas in Judge Kinkeade's court. Slip op. at 4. We reverse the permanent injunction in its entirety.

We deal first with the portion of the injunction prohibiting RFR from pursuing its arbitration claims. The district court held that RFR had substantially invoked the judicial machinery, and thus had waived arbitration for its claim for payment of the settlement amounts owed by Century and its claim for payment for the flangeway filler Century had ordered from RFR. RFR argues that it should be allowed to submit those claims to arbitration because it has not invoked the judicial machinery with respect to those claims. In response, Century argues that RFR waived its right to arbitration because some of the issues raised by RFR's claims overlap with some of the issues resolved by the district court, for example, whether RFR had a duty under the 2000 settlement agreement to indemnify Century.

---

[5] RFR asserts that the district court abused its discretion by awarding fees and expenses because Rex-Hide and Century submitted inadequate records. In light of our remand, we need not address this argument, and we anticipate that any issues regarding deficiencies in Rex-Hide's and Century's records, if there are any, will be resolved by the district court in the process of recalculating the awards.

We do not conclude that RFR's actions in this case constituted a waiver of arbitration with respect to its two claims arising under the 2000 settlement agreement: its claim for payment of the settlement amounts owed by Century, and its claim for payment for the flangeway filler Century had ordered from RFR. RFR has not attempted to litigate these specific claims that it now seeks to arbitrate and, therefore, arbitration may be available for these claims.[6]

Because RFR may seek arbitration on its claims arising under the 2000 settlement agreement, we also reverse the portion of district court's injunction directing RFR to file all future related actions in the Northern District of Texas in Judge Kinkeade's court. While this court understands and appreciates the district court's desire to prevent duplicative litigation, we anticipate that any court or arbitrator confronted with these parties and issues in the future will enter such orders as necessary to prevent unnecessary costs, delays, and inconsistent judgments.

## CONCLUSION

We affirm the district court's determination that RFR cannot recover damages for patent infringement from Rex-Hide. We vacate the grants of attorney fees and remand for the district court to recalculate the amounts of the awards. We reverse the permanent injunction.[7]

---

[6] Of course, RFR cannot revisit issues in arbitration that have been conclusively decided in this appeal. For instance, RFR may not reopen the issue of whether the 2000 settlement agreement required RFR to indemnify Century.

[7] RFR's motion to remand this case to a different district court judge is denied.