# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

Misc. Action No. 07-493 (RMC);
MDL Docket No. 1880

This Document Relates To:
Papst v. Sanyo Elec. Co., Ltd., 08-cv-1405
(N.D. Ill. No. 08-cv-3608) and
Papst v. Sanyo Elec. Co., Ltd., 09-cv-530

## MEMORANDUM OPINION

In 2008, Papst Licensing GMBH & Co. KG ("Papst") filed a bare-bones complaint against Sanyo Electric Co., Ltd. and Sanyo North America Corp. (collectively "Sanyo"), alleging that Sanyo infringed two patents owned by Papst, U.S. Patent Nos. 6,470,399 and 6,895,449 (the "Patents"). *See Papst Licensing GMBH & Co. KG v. Sanyo Elec. Co., Ltd.*, Civ. No. 08-1405 (D.D.C.) (the "2008 Case"). Sanyo moved to dismiss the 2008 Case for failure to state a claim, and the Court granted the motion. *See* Opinion & Order [MDL Dkt. ## 254 & 255].[1] Papst filed a motion to reconsider, and the Court amended its Order to note that the dismissal was without prejudice. *See* Opinion & Order [MDL Dkt. ## 273 & 274]. As a result, Papst filed a new Complaint against Sanyo. *See Papst Licensing GMBH & Co. KG v. Sanyo Elec. Co., Ltd.*, Civ. No. 09-530 (D.D.C. 2009) ("2009 Case"), Compl. [Dkt. # 3] ("2009 Complaint").

---

[1] The Master Docket in this multi-district litigation is Misc. No. 07-493, and filings in that Master Docket are designated as "MDL Dkt. # ___" in this Opinion.

Sanyo now requests dismissal of the 2008 Case with prejudice, which would necessarily result in dismissal of the 2009 Case. Sanyo contends that the 2009 Complaint was not timely and that it fails to allege sufficient facts to state a claim for patent infringement. Sanyo also seeks attorney fees and sanctions. As explained below, Sanyo's motions will be denied.

## I. FACTS

Papst's original complaint in the 2008 Case against Sanyo alleged:

> *A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support* the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

2008 Case, Compl. [Dkt. # 1] ¶ 10 (emphasis added). When Sanyo moved to dismiss, Papst requested leave to file an amended complaint that would allege:

> *Upon information and belief*, the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

Papst's Opp'n [MDL Dkt. # 230], Ex. A. The Court found that Papst failed to state a claim because it failed to include any information about the circumstances giving rise to the claim. *Papst v. Sanyo Elec. Co., Ltd. (In re Papst Licensing GMBH & Co. KG)*, 585 F. Supp. 2d 32, 35 (D.D.C. 2008) [MDL Dkt. # 254 and Dkt. # 30 in Civ. No. 08-1405].

On reconsideration, Papst argued that it had compared Sanyo camera models to each element of at least one claim in the Patents. Papst's Mot. to Alter, Amend, or Vacate J. ("Papst's Mot. to Alter J.") [MDL Dkt. # 258] at 2-5. Papst alleged that "[d]uring a course of discussions before bringing suit, Papst gave Sanyo claim charts showing, element-by-element, how the claims

of the Patents-in-Suit read on Sanyo digital camera models. (Ex. A, Norton Decl., [filed under seal pursuant to protective order]).” Papst’s Mot. to Alter J. at 3. “As illustrative examples of Sanyo’s infringing cameras, Papst identified Sanyo’s digital camera models VPC-E60EX, VPX-S6 XACTIO [sic], and VPC-E6EX.” *Id*. Further, Papst asserted that its counsel met with officials representing Sanyo on July 7, 2006, and at that meeting provided detailed claim charts showing how the Sanyo VPC-56 XACTI Digital Still Camera allegedly infringed Claim One of U.S. Patent Number 6,895,449. *Id*. at 4.

As a result, on March 5, 2009, the Court amended its dismissal to reflect that it was without prejudice. *See* Opinion & Order [MDL Dkt. ## 273 & 274]. The Court ordered that “Papst may file a new complaint against Sanyo Electric Co., Ltd. and Sanyo North America Corp. in conformity with the Memorandum Opinion issued with this Order no later than March 16, 2009. Should Papst fail to do so, this case then will be dismissed with prejudice.” Order [MDL # 274] at 1. On March 18, 2009, Papst filed a new complaint in the 2009 Case. Sanyo seeks dismissal with prejudice, of both the 2008 Case and the 2009 Case, claiming that the 2009 Complaint was not timely and fails to set forth sufficient facts to comply with the March 5, 2009 Opinion.[2]

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain “a short and plain statement

---

[2] Papst filed a First Amended Complaint in the 2009 Case on March 27, 2009. *See* 2009 Case Dkt. # 8. The First Amended Complaint includes the address of Sanyo Electric Co., Ltd. and is signed by a Husch Blackwell lawyer who is a member of the D.C. Bar. In all other respects the 2009 Complaint and the First Amended Complaint are identical.

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted). Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 1965 n.3.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id*. at 1965, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). Once a claim has been stated adequately, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1968-69.

## III.  ANALYSIS

A.  The 2009 Complaint States a Claim

Sanyo complains that the 2009 Complaint does not include a comprehensive list of all Sanyo devices that Papst alleges infringed the Patents.  *Twombly* does not require such a list; it simply requires facts sufficient to "raise the right to relief beyond the speculative level."  127 S. Ct. at 1965.  At this early stage of the proceedings, it is not necessary for Papst to identify each and every infringing device.  Further, Sanyo asserts that the 2009 Complaint "continues Papst's hide-the-ball tactics by pleading vague and open-ended allegations concerning infringing devices."  Sanyo's Mem. in Supp. of Mot. to Dismiss [MDL Dkt. # 298] at 5.  Sanyo argues that the 2009 Complaint fails to allege sufficient facts because paragraph 11 of the 2009 Complaint is like the prior 2008 complaints in that it sets forth no specific allegations.

Sanyo fails to read the 2009 Complaint as a whole.  Paragraph 11 provides:

> As set forth in more detail below, the Sanyo Defendants have each infringed and are still infringing the patents by making, using, offering to sell, and selling in the United States or importing into the United States devices that embody the patented inventions or have components or software which have no substantial non-infringing use, or are inducing others to do so, and will continue to do so unless enjoined by this court.

2009 Compl. ¶ 11.  While paragraph 11 does not contain specific facts, it indicates "as set forth in more detail below" and the remainder of the Complaint contains significant details.  The 2009 Complaint specifically names ten Sanyo models:  VPC-S6, VPC-C6, VPC-CA6, VPC-CG65, VPC-E6, VPC-E60, VPC-S60, ICR-S250RM, ICR-S700RM, and SPC-8500.[3]  *Id*. ¶¶ 13-14.  Further, the

---

[3] The Complaint also names in a sealed attachment eight models manufactured by Sanyo but sold in the United States under a different brand name.  2009 Compl. ¶ 12 n.1.

2009 Complaint includes numerous specific allegations regarding infringement by alleging, for example, that Sanyo CG65 includes:

> a processor and executable code stored in memory such that the Sanyo CG65 operates as a Mass Storage Class device, a Media Transfer Protocol (MTP) device, or a video class device. A Sanyo Device that operates as a MTP device meets the requirements of a Picture Transfer Protocol (PTP) device. When operating either as a Mass Storage Class device or as a PTP/MTP device, the Sanyo Devices include an interface device which is configured by the processor and the memory to include a first command interpreter (e.g., a USB command interpreter) and a second command interpreter (e.g., a mass storage device command interpreter and/or an imaging device command interpreter).

*Id*. ¶ 24. The Complaint goes on to allege that "A USB command interpreter of the Sanyo Device (e.g., a first command interpreter) . . . causes the Sanyo Device to send a signal to the Host PC, regardless of the analog image sensor or analog microphone(s) that are be [sic] attached to the interface device, that the Sanyo Device is a Mass Storage device," *id*. ¶ 28, causing the host computer to communicate with the Sanyo Device as though it were a disk drive compatible with a SCSI command set. *Id*. ¶ 30. Thus, paragraph 26 of the 2009 Complaint asserts that the Sanyo Device infringes Claim One of the '399 Patent, which provides in relevant part:

> wherein the first command interpreter is configured in such a way that the command interpreter, when receiving an inquiry from the host device as to a type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device of the interface device, to the host device which signals to the host device that it is an input/output device customary in a host device, whereupon the host device communicates with the interface device by means of the driver for the input/output device customary in a host device.

'399 Patent, col. 12:64-67 & col. 13:1-8.

Sanyo complains that paragraph 11 is the only part of the Complaint which alleges U.S. activities by Sanyo and that the Complaint fails to allege that any of the Sanyo models identified by number was made, used, sold, or imported into the United States. Sanyo's reading of the Complaint is hyper-technical. While the Complaint may not be artfully drafted, it must be read as a whole. Paragraph 11 alleges that Sanyo made, used, sold, or imported infringing devices in the United States. Paragraph 12 alleges that "Sanyo Devices" as the term is used in the Complaint means Sanyo-branded devices as well as Sanyo-manufactured devices which are sold in the U.S. under other brand names. Paragraphs 13 and 14 allege Sanyo Devices include ten specific Sanyo-branded models. The 2009 Complaint contains facts sufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### B. The 2009 Complaint Is Deemed Timely

Sanyo contends that the 2009 Complaint was not timely because the March 5, 2009 Order permitted Papst to refile against Sanyo no later than March 16, 2009, and Papst did not file the 2009 Complaint until March 18, 2009. Papst explains that it attempted to file the 2009 Complaint on March 16, by leaving it in the after-hours Clerk's drop box. The papers were stamped "received 4:28 p.m. March 16, 2009." *See* Papst's Opp'n at 6-7. According to Clerk's Office policy, if the papers had been in order, the complaint would have been docketed as of March 16. *See also* Fed. R. Civ. P. 77(a) ("every district court is considered always open for filing any paper . . . ."). However, because the filing did not include the parties' addresses in the caption and it was signed by attorney Joseph Cwik (who is admitted *pro hac vice* in the MDL, but is not a member of this Court), the Clerk's Office required Papst to correct these errors and refile. Papst did so on March 17, but the pleadings were not docketed until March 18 when Chief Judge Lamberth signed

an order sealing the appendix to the Complaint. The Court construes Papst's pleadings to include a request to extend the time to file the 2009 Complaint until March 18, and the Court will grant the request nunc pro tunc to March 16, 2009, thereby making the 2009 Complaint timely.

### C. Sanyo's Request for Attorney Fees and Sanctions

In patent litigation, "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Sanyo seeks attorney fees, claiming to be the prevailing party in the 2008 Case because the Court dismissed that case, which constitutes an adjudication on the merits under Federal Rule of Civil Procedure 41(b). Case law on this issue is conflicting. On one hand, the Seventh Circuit held in *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985), for purposes of awarding costs to a prevailing party under Federal Rule of Civil Procedure 54(d), that a defendant is a prevailing party when a plaintiff's case is dismissed, even if the dismissal was voluntary and without prejudice. On the other hand, the Federal Circuit held in *RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348 (Fed. Cir. 2007), that a plaintiff's voluntary dismissal without prejudice did not "bestow 'prevailing party' status upon the defendant" for the purpose of awarding attorney fees under § 285. *Id*. at 1353. Similarly in *Victus, Ltd. v. Collezione Europa U.S.A., Inc.*, 48 U.S.P.Q.2d 1150 (M.D.N.C. 1998), the plaintiff voluntarily dismissed its claim and then filed another suit based on the same claim. The court in that case found that the defendant could not be "considered a prevailing party on a claim that had not been adjudicated and that could still be decided against it." *Id*. at 1151.

Under the unique circumstances of this case, Sanyo cannot be proclaimed the "prevailing party" for the purpose of an attorney fee award under § 285. Even though the Court dismissed the 2008 Case over Papst's objection, the dismissal was without prejudice, there has been

no adjudication of Papst's infringement claims against Sanyo, and those claims could still be decided against Sanyo in the 2009 Case. Thus, Sanyo's motion for attorney fees under § 285 will be denied.

Sanyo also seeks sanctions under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Three requirements must be met before sanctions may be awarded under § 1927: (1) a multiplication of proceedings by an attorney; (2) conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings. *Campana v. Muir*, 615 F. Supp. 871, 874 (D. Pa. 1985). A finding of "vexatiousness" must be supported by clear and convincing evidence. *Alexander v. FBI*, 541 F. Supp. 2d 274, 303 (D.D.C. 2008). The District of Columbia Circuit has not yet established whether the standard for unreasonable and vexatious conduct under § 1927 is bad faith or recklessness. *Id.* (citing *LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 905 (D.C. Cir. 1998)).

An award of sanctions under § 1927 is within the district court's discretion. *Newborn v. Yahoo! Inc.*, 437 F. Supp. 2d 1, 9 (D.D.C. 2006). Courts should exercise this power "only in instances of a serious and studied disregard for the orderly process of justice." *Campana*, 615 F. Supp. at 874 (citing *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)).

The Court does not find clear and convincing evidence of vexatiousness, even under the less stringent standard of recklessness. Sanyo claims that Papst needlessly multiplied proceedings via numerous filings since filing the 2008 Case. But Papst only filed a response to

Sanyo's motion to dismiss and a motion to alter the judgment — not unreasonable filings. Sanyo also contends that Papst acted inappropriately by seeking only one claims construction hearing, which would have bound Sanyo to the claim construction decision at a time when Sanyo, as a new party to this MDL, had not participated in any discovery. Papst responds that it made the request for the purpose of streamlining the litigation. While the Court denied Papst's request for a single claims construction hearing, the request itself was not inappropriate. Sanyo has failed to present clear and convincing evidence of vexatiousness, and its request for sanctions under § 1927 will be denied.

## IV. CONCLUSION

Accordingly, Sanyo's motion to dismiss [MDL Dkt. # 298] and Sanyo's motion for sanctions [MDL Dkt. # 276] will be denied. Further, the Court will grant, *nunc pro tunc* to March 16, 2009, Papst's request to extend the time to file its 2009 Complaint. The 2009 Complaint (filed in Civ. No. 09-530, Dkt. # 3) is deemed timely. A memorializing order accompanies this Memorandum Opinion.

Dated: July 6, 2009     /s/
        ROSEMARY M. COLLYER
        United States District Judge