# United States Court of Appeals for the Federal Circuit

---

**LUMEN VIEW TECHNOLOGY LLC,**
*Plaintiff-Appellant*

**v.**

**FINDTHEBEST.COM, INC.,**
*Defendant-Appellee*

---

2015-1275, 2015-1325

---

Appeals from the United States District Court for the Southern District of New York in No. 1:13-cv-03599-DLC, Senior Judge Denise Cote and 1:13-cv-03386-DLC, Senior Judge Denise Cote.

---

Decided: January 22, 2016

---

DAMIAN WASSERBAUER, Wasserbauer Law LLC, Collinsville, CT, argued for plaintiff-appellant.

CAROLYN V. JUAREZ, The Leventhal Law Firm, APC, San Diego, CA, argued for defendant-appellee. Also represented by JOSEPH S. LEVENTHAL.

---

Before LOURIE, MOORE, and WALLACH, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Lumen View Technology LLC ("Lumen View") appeals from the decisions of the United States District Court for the Southern District of New York finding the patent infringement case before it exceptional and awarding enhanced attorney fees to Findthebest.com, Inc. ("FTB"). *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329 (S.D.N.Y. 2014); *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 63 F. Supp. 3d 321 (S.D.N.Y. 2014). Because the district court did not err in finding the case exceptional, but did not properly explain the calculation of its award of attorney fees, we affirm in part, vacate in part, and remand.

BACKGROUND

Lumen View is the exclusive licensee of U.S. Patent 8,069,073 ("the '073 patent"), which is directed to a method for facilitating bilateral and multilateral decision-making. The claims are directed to a method of matching parties, involving analyses of preference data from both a first class of parties and a second class of counterparties.

FTB operated a specialized search website with a comparison feature entitled "AssistMe" that provided users with personalized product and service recommendations. The AssistMe feature prompted the user with a series of questions about various attributes of the desired product or service, and provided a list of results based on the user's inputted criteria.

Lumen View filed suit in May 2013, alleging that FTB infringed the claims of the '073 patent. On several occasions, FTB's counsel informed Lumen View that FTB's accused feature did not use a bilateral or multilateral preference matching process. Before receiving any discovery, Lumen View served its preliminary infringement contentions, including a claim chart identifying the allegedly infringing features of the AssistMe service. FTB moved to strike or modify the infringement contentions as insufficient, but the district court denied the motion.

FTB then filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Lumen View opposed the motion and included claim construction arguments in its opposition. The district court granted FTB's motion for judgment on the pleadings, holding that the claims of the '073 patent are directed to an abstract idea and therefore are invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101. The court found that claim construction was unnecessary for the § 101 analysis.

FTB then moved for an award of attorney fees on the ground that the case was exceptional under 35 U.S.C. § 285. The district court determined that the case was exceptional under the totality of the circumstances test outlined in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. __, 134 S. Ct. 1749 (2014). The court found that the suit was frivolous and objectively unreasonable, because the bilateral matching method of the '073 patent requires the preference data of two or more parties, and "the most basic" pre-suit investigation would have shown that the accused AssistMe feature only used the preference data of one party. *Lumen View Tech.*, 24 F. Supp. 3d at 336. The court pointed out that even Lumen View's claim construction briefing construed the claims as requiring two or more parties' preference data. The court further found that Lumen View's motivation for filing suit was to extract a nuisance settlement from FTB, and that Lumen View's "predatory strategy" of baseless litigation showed the need for deterrence. *Id.* The court therefore found that the case was exceptional and granted the motion for fees.

The parties then submitted briefing directed to the amount of fees to be awarded. In its decision awarding the fees, the district court expounded upon several factors that supported enhancing the lodestar amount, including "the need to deter the plaintiff's predatory strategy, the plaintiff's desire to extract a nuisance settlement, the

plaintiff's threats to make the litigation expensive, and the frivolous nature of the plaintiff's claims." *Lumen View Tech.*, 63 F. Supp. 3d at 326. Although these factors were already discussed in the court's finding of exceptionality, the court specifically noted that "[i]n rare cases, the lodestar will be insufficient to deter baseless litigation." *Id.* In this case, the court noted that the lodestar was uncharacteristically low due to the court's expeditious resolution of the case. As a result, the court found that, here, the lodestar amount alone would be insufficient to deter similar misconduct by Lumen in the future, justifying an enhancement of the lodestar amount. The court accordingly awarded fees, with an enhancement by a multiplier of two.

Lumen View timely appealed from the district court's finding of exceptionality and award of attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. We review all aspects of a district court's § 285 determination for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. __, 134 S. Ct. 1744, 1749 (2014). The statute imposes "one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: [t]he power is reserved for 'exceptional' cases." *Octane Fitness*, 134 S. Ct. at 1755–56.

### A. Exceptionality

An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. "District courts may determine whether a case is

'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The determination whether a case is "exceptional" is indisputably committed to the discretion of the district court. *Highmark*, 134 S. Ct. at 1748.

Lumen View argues that the case was not exceptional because its actions in asserting its patent rights were appropriate and reasonable. Lumen View maintains that it conducted a pre-suit investigation compliant with Rule 11, satisfied all pleading requirements, and consistently asserted infringement of a presumptively valid patent. Lumen View faults the district court for showing a clear bias by making unsupported factual findings about its settlement offers, its litigation against other defendants, and the reasonableness of the offered licensing fee. Moreover, Lumen View asserts, the court improperly found noninfringement without a claim construction hearing and decision, and the noninfringement determination was the basis for the court's flawed assessment of the infringement case as frivolous and unreasonable.

FTB responds that the district court, as directed by *Octane Fitness*, considered the totality of the circumstances, based on extensive record evidence, in order to find the case exceptional. Because Lumen View failed to provide evidence of its pre-filing investigation and infringement assessment to the district court at the proper time, FTB asserts that Lumen View waived any argument of reasonable conduct. FTB further counters that the presumption of validity does not excuse a baseless claim of infringement. FTB also disputes that a claim construction hearing and decision were necessary because the court found noninfringement using Lumen View's own proposed constructions.

We decline to find an abuse of discretion by the district court in finding the case to be exceptional under § 285 and in deciding to award attorney fees. Even if

Lumen View's litigation conduct was not quite sanctionable, the court reasonably determined that the case was exceptional. *See Octane Fitness*, 134 S. Ct. at 1757 ("[A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."). The allegations of infringement were ill-supported, particularly in light of the parties' communications and the proposed claim constructions, and thus the lawsuit appears to have been baseless. Claim construction was unnecessary before finding noninfringement in this case, especially because Lumen View conceded that the claims require preference data from multiple parties. We therefore affirm the district court's finding of exceptionality.

B. Calculation of Attorney Fee Award

The determination of reasonable attorney fees is also "a matter that is committed to the sound discretion" of a district court judge. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). We therefore also review the calculation of an attorney fee award under § 285 for an abuse of discretion.

In calculating an attorney fee award, a district court usually applies the lodestar method, which provides a presumptively reasonable fee amount, *id.* at 554, by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case, *id.* at 551. This method has been characterized as "readily administrable" and "objective," but "not perfect" and "never intended to be conclusive in all circumstances." *Id.* at 551–52, 554.

We have noted that "although the amount the client paid the attorney is one factor for the court to consider in determining a reasonable fee, it does not establish an absolute ceiling." *Junker v. Eddings*, 396 F.3d 1359, 1365 (Fed. Cir. 2005). In "rare" and "exceptional" cases, a

district court may enhance the lodestar amount based on various factors, provided they are not adequately taken into account by the lodestar calculation. *Bywaters v. United States*, 670 F.3d 1221, 1229 (Fed. Cir. 2012) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air* (*Del. Valley I*), 478 U.S. 546, 564–65 (1986); *Perdue*, 559 U.S. at 552); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air* (*Del. Valley II*), 483 U.S. 711, 728 (1987) (noting that enhancement of lodestar can be justified in exceptional cases).

Lumen View argues that the district court misapplied the *Octane Fitness* factors to the determination of enhancing fees because those factors should only apply to the exceptionality analysis. Allowing double consideration of those factors, Lumen View contends, would mean that exceptional cases will always result in enhanced fee awards. Lumen View moreover asserts that *Octane Fitness* and § 285 only authorize the *award* of reasonable fees, not the *enhancement* of fee awards. Lumen View also emphasizes that unlike the punitive purpose of enhancing damages under § 284, the award of attorney fees under § 285 is only intended to be compensatory. Because deterrence is already factored in by the award of attorney fees in the first place, Lumen View argues that enhancing that award as a further deterrent would be unreasonable. Lumen View also disputes whether the court gave any reasonable explanation for the specific multiplier of two for enhancement.

FTB responds that the lodestar amount may be adjusted in rare and exceptional circumstances in which it does not adequately account for a factor in determining a reasonable fee, and this case represents such a circumstance because of Lumen View's egregious conduct. FTB disagrees that § 284 jurisprudence would be necessarily implicated by allowing enhancement under § 285, particularly because *Octane Fitness* made the § 285 standard more flexible and thus not analogous to the more restric-

tive § 284 standard.  FTB also posits that enhancement of the lodestar amount may still constitute "reasonable" attorney fees.  Moreover, FTB emphasizes the intended compensatory and deterrent effects of the enhancement, as shown by the district court's specific statement that the enhancement was not punitive.  FTB contends that the record and the district court's opinion provided sufficient support for the multiplier of two: the expedited schedule contributed to the lower-than-expected lodestar amount, and any enhancement had to be large enough to serve the purpose of deterrence, but the overall amount had to remain reasonable.  FTB also claims that the court's selected multiplier is bolstered by objective evidence of the average range of costs for similar litigation.

We agree with Lumen View that the district court failed to provide a proper rationale to justify enhancing the attorney fee award by a multiplier of two.  The district court justified its award based on the specific circumstances of the case, the court's proactive case management and expeditious resolution on the merits, which resulted in an "extremely low" lodestar.  *Lumen View Tech.*, 63 F. Supp. 3d at 326–27.  If the court had adopted Lumen View's proposed schedule, it stated, FTB would have reasonably incurred "significantly greater" attorney fees.  *Id.* at 327.  That analysis, however, appears to align more with the "results obtained" rationale disfavored by Supreme Court precedent, rather than being a justification for enhancing the lodestar determination.  *See Bywaters*, 670 F.3d at 1230–31 (explaining that "the 'results obtained' factor is generally subsumed within the lodestar calculation and thus normally should not provide an independent basis for a departure from the lodestar figure." (citing *Blum v. Stenson*, 465 U.S. 886, 900 (1984); *Perdue*, 559 U.S. at 554)).

The district court further reasoned that the calculated lodestar amount would be insufficient to deter an ongoing predatory strategy of baseless litigation, and thus the

deterrent aspect of awarding fees would not be well served by a relatively low amount. But deterrence is not generally a factor to be considered in determining a reasonable attorney fee under § 285. Although deterrence may be a consideration when determining *whether* to award attorney fees, it is not an appropriate consideration in determining the *amount* of a reasonable attorney fee, which is principally based on the lodestar method. Unlike sanctions that are explicitly tied to an amount that suffices to deter repetition of conduct, *see* Fed. R. Civ. P. 11(c)(4), § 285 only specifies "reasonable attorney fees" once an exceptional case is found. And the lodestar method, yielding a presumptively reasonable attorney fee amount, focuses on the counsel retained by the prevailing party: higher standing attorneys are theoretically reflected by higher rates charged, and more complex issues are reflected by more hours worked.

Adjusting the lodestar has been condoned for situations in which the prevailing party's attorney's performance or conduct somehow is not factored into the lodestar calculation. *Perdue*, 559 U.S. at 554–56 (finding that enhancement may be appropriate where lodestar does not adequately measure attorney's "true market value"; attorney is subjected to "extraordinary outlay of expenses" for protracted litigation; or "exceptional delay" in payment of fees). However, factors outside the realm of performance or conduct attributable to the prevailing party's attorney have not been accepted as justifying an enhancement. *See id.*, 559 U.S. at 554 (noting that "inferior performance by defense counsel, unanticipated defense concessions, unexpectedly favorable rulings by the court, an unexpectedly sympathetic jury, or simple luck" cannot justify an enhanced award).

As such, we do not find proper support for the district court's decision to enhance the lodestar amount by the specified multiplier as a reasonable fee award. Even armed with the deference accorded to a district court's

discretionary determinations, the court may enhance the lodestar only when it "fails to take into account a relevant consideration." *Bywaters*, 670 F.3d at 1229; *see also Perdue*, 559 U.S. at 554 (noting that enhancement may be appropriate when lodestar inadequately accounts for "a factor that may properly be considered in determining a reasonable fee"). Because we conclude that the expedited schedule and the deterrence purpose are unrelated to the suitability of compensation of FTB's attorneys, and hence not relevant to enhancement of the lodestar, we conclude that the district court has not properly justified the amount awarded.

We therefore vacate the attorney fee award and remand the case for recalculating a reasonable attorney fee award and determining whether there may be other issues open for consideration relating to attorney conduct. Whether the court wishes to utilize Rule 11 or any other statutory framework is of course up to the district court. We have considered the remaining arguments and conclude that they are without merit.

## CONCLUSION

Because the district court did not abuse its discretion in finding the case exceptional, we affirm the finding of exceptionality and the corresponding decision to award attorney fees. However, because the district court did not properly explain its determination of reasonable attorney fees, we vacate the attorney fee award and remand for further consideration in accordance with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COSTS

No costs.