NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**UCP INTERNATIONAL COMPANY LIMITED, GLOBAL UNITED ENTERPRISES LIMITED,**
*Plaintiffs-Cross-Appellants*

**v.**

**BALSAM BRANDS INC., BALSAM INTERNATIONAL UNLIMITED COMPANY,**
*Defendants-Appellants*

_____

2018-2231, 2018-2253

_____

Appeals from the United States District Court for the Northern District of California in No. 3:16-cv-07255-WHO, Judge William H. Orrick, III.

_____

Decided: September 19, 2019

_____

PATRICIA LYNN PEDEN, Burke, Williams & Sorensen, LLP, Oakland, CA, argued for plaintiffs-cross-appellants.

DEANNE MAYNARD, Morrison & Foerster LLP, Washington, DC, argued for defendants-appellants. Also represented by SETH W. LLOYD; ROSE S. LEE, Los Angeles, CA; LENA HUGHES, New York, NY; MICHAEL ALLEN JACOBS,

San Francisco, CA; MARC N. BERNSTEIN, The Business Litigation Group, P.C., San Francisco, CA.

———————————

Before WALLACH, CLEVENGER, and TARANTO, *Circuit Judges.*

CLEVENGER, *Circuit Judge.*

The instant appeal is the companion to concurrently issuing Appeal No. 18-1256 ("the Merits Appeal"), where we determined that the U.S. District Court for the Northern District of California misconstrued the "pivot joint" claim term of U.S. Patent Nos. 8,062,718 ("the '718 patent) and 8,993,077 ("the '077 patent") (collectively, "the Patents-in-Suit"). *See UCP Int'l Co. v. Balsam Brands, Inc.*, No. 2018-1256, slip op. at 27 (Fed. Cir. Sept. 19, 2019). We presume familiarity with our opinion in the Merits Appeal which recites the same technology and patents as the instant appeal. We, therefore, only recite the facts necessary to understand the issues on appeal here.

Cross-Appellants UCP International Company and Global United Enterprises (collectively, "UCP") sued Appellants Balsam Brands Inc. and Balsam International Unlimited (together, "Balsam") in the district court seeking a declaratory judgment of non-infringement of all claims of the Patents-in-Suit. The district court granted UCP's motion for summary judgment of non-infringement and subsequently awarded limited attorney fees under 35 U.S.C. § 285 to UCP.

Balsam appeals from the district court's award of limited attorney fees, arguing that, if we reverse or vacate the district court's judgment in the Merits Appeal, then we also must reverse the district court's attorney fees award. UCP cross-appeals on the ground that the district court abused its discretion in not awarding all the fees UCP requested in its motion. For the reasons that follow, we reverse the

district court's attorney fees award and dismiss UCP's cross-appeal.

BACKGROUND

After the district court granted UCP's motion for summary judgment of non-infringement, UCP moved for attorney fees, expert fees, and the attorney fees it incurred in pursuing merits fees ("fees-on-fees"). Specifically, UCP sought an award of attorney fees from both the litigation between Balsam and Frontgate, *Balsam Brands Inc. v. Cinmar, LLC*, No. 3:15-cv-04829-WHO (N.D. Cal.) ("the Frontgate Litigation"), and its declaratory judgment action against Balsam, *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, No. 16-CV-07255-WHO (N.D. Cal.) ("the Declaratory Judgment Litigation"). UCP also sought an award of its expert fees from the Frontgate Litigation, and an award of fees-on-fees from the Declaratory Judgment Litigation. UCP based its entitlement to an award of attorney fees from the Frontgate Litigation on the fact that it was contractually obligated to indemnify Frontgate in that action, and it should, therefore, be able to recover its fees spent defending against Balsam's purportedly meritless infringement claims in that action.

The district court granted-in-part and denied-in-part UCP's motion for attorney fees. The district court denied UCP's request for attorney fees from the separate Frontgate Litigation because it found that UCP was not a "prevailing party" in that action, as is required to award attorney fees under 35 U.S.C. § 285. The district court also determined that Frontgate could not recover the expert fees from the Frontgate Litigation under 28 U.S.C. § 1927 or the court's inherent power. The district court then determined that UCP was entitled to only limited attorney fees under § 285 based on Balsam's conduct in the Declaratory Judgment Litigation. The limited fees the district court awarded were for Balsam's decision to hire Judge Orrick's former law firm partner "to prompt [his] recusal and

avoid [his] findings and conclusions that the Frontgate claim construction order would apply in [the] declaratory judgment case." *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, No. 16-CV-07255-WHO, 2018 WL 2938855, at *7 (N.D. Cal. June 12, 2018).

In a separate order after receiving additional submissions from the parties regarding fees spent litigating the recusal issue and fees-on-fees, the district court awarded UCP $43,475 in fees for litigating the recusal issue, and $2,345 in fees-on-fees based on UCP limited success in its motion for attorney fees.

Balsam appeals from the district court's decision to award limited attorney fees only on the ground that, if we decided to reverse or vacate the district court's judgment of non-infringement in the Merits Appeal, then we also must reverse the district court's award of attorney fees under § 285 because UCP will no longer be a "prevailing party" as the statute requires. UCP cross-appeals on the ground that the district court abused its discretion in failing to award UCP all of its attorney fees incurred in the Declaratory Judgment Litigation, and its attorney fees and expert fees incurred in indemnifying its customer, Frontgate, in the Frontgate Litigation. It claims entitlement to such fees regardless of whether we reverse or vacate the district court's judgment in the Merits Appeal.

We have jurisdiction to consider Balsam's appeal and UCP's cross-appeal under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

Pursuant to § 285 "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; *see Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 482 (Fed. Cir. 2016). We review all aspects of a district court's § 285 determination for an abuse of discretion. *Highmark Inc. v. Allcare*

*Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). The statute imposes "one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 552 (2014).

The district court determined that UCP was "entitled to attorney fees incurred in filing and defending the motion to disqualify" counsel and that the case was "exceptional" under § 285 for "Balsam's conduct resulting in [the district court judge's] temporary recusal." *Balsam,* 2018 WL 2938855 at *7. Balsam asserts that the attorney fees award must be reversed if the declaratory judgment in UCP's favor is reversed or vacated. UCP asserts in response that, even if we were to reverse or vacate the district court's judgment in the Merits Appeal, we could still affirm the district court's award of attorney fees because the award was not "tied to the non-infringement judgment." Cross-Appellants' Br. at 50. UCP argues that the award of fees was, instead, "a result of Balsam's litigation misconduct." *Id.* UCP also argues in the alternative that we could affirm the district court's award of attorney fees on other grounds because "[c]ourt[s] have the inherent power to sanction misconduct." *Id.* at 51.

"By its terms, [§ 285] requires that the recipient of attorney fees be a 'prevailing party.'" *RFR Indus., Inc. v. Centrury Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007). A party "prevails" when it receives "relief on the merits" that "materially alters the legal relationship between the parties by modifying" the defendant's behavior in a way that "directly benefits" the plaintiff. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12, (1992)). In this case, the district court awarded fees only after granting UCP's motion for summary judgment of non-infringement. Where we vacate or reverse the judgment in the Merits Appeal, we must also reverse the fee award. *See Mankes v.*

*Vivid Seats Ltd.*, 822 F.3d 1302, 1312 (Fed. Cir. 2016) ("Because we vacate and remand judgment on the pleadings and no other relief runs in [the party's favor, that party] is no longer the 'prevailing party' under § 285 . . . .  At this point, § 285 does not authorize the district court to award fees.").  As such, we must reverse the award of attorney fees.

While UPC avers that the fee award can be affirmed on alternative grounds, we disagree.  Because UCP did not assert a claim for attorney fees on any other basis, it cannot raise it for the first time on appeal. *Singleton v. Wuff*, 428 U.S. 106, 120 (1976) (explaining that "[i]t is the general rule . . . that a federal appellate court does not consider an issue not passed upon below").  Therefore, we need not consider an issue not raised below.

We also disagree with UCP's argument that we can affirm the district court's award of attorney fees here even if UCP is not a prevailing party because the district court awarded the fees based on Balsam's litigation misconduct.  Regardless of why the district court awarded attorney fees in this case, it did so solely under § 285.  Prevailing party status is a prerequisite to an award of attorney fees under that statutory section.  It is therefore immaterial that the district court awarded attorney fees under § 285 based on Balsam's actions resulting in Judge Orrick's recusal.  Because we vacated the district court's judgment in the Merits Appeal, we must reverse its decision to award attorney fees. *See Waner v. Ford Motor Co.*, 331 F.3d 851, 857 (Fed. Cir. 2003) (vacating the district court's award of fees to Waner under § 285 for Ford's litigation misconduct where we determined that Warner lost on its unjust enrichment and infringement claims against Ford, and thus was no longer the prevailing party).

II

UCP argues in its cross-appeal that the district court abused its discretion in not awarding UCP all of the

attorney fees it incurred in Frontgate's defense in the Frontgate Litigation, all of the expert fees it incurred in the Frontgate Litigation, all of the attorney fees it incurred in the Declaratory Judgment Litigation, and all of its fees-on-fees. Balsam contends in response that the district court properly denied UCP additional attorney fees under 35 U.S.C. § 285, that it properly denied UCP's claim for expert fees under the court's inherent power, and that it properly limited UCP's fees-on-fees award. We agree with Balsam.

First, UCP is not entitled to additional attorney fees under § 285 for the same reason it is not entitled to the limited attorney fees the court awarded—it is not a "prevailing party" after our decision in the Merits Appeal.

Similarly, UCP is not entitled to additional fees incurred in litigating its motion for attorney fees because we hold here that it is not even entitled to the fraction of its fees-on-fees request that the district court awarded below. UCP received a portion of its fees-on-fees request because it succeeded, in part, in its motion for attorney fees. Because we reverse the district court's decision regarding attorney fees, there is no longer a basis for awarding any fees-on-fees. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation.").

Last, UCP is not entitled to expert fees under the district court's inherent power because the district court did not abuse its discretion in declining to award those fees. A court's decision of whether to award fees under its inherent power is reviewed for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). In *Chambers*, the Supreme Court counseled that "a court's inherent powers "must be exercised with restraint." *Id.* at 44. The bar that must be met to award expert fees under the court's inherent power is, therefore, high. *See id.* at 45–46 (holding that a court may assess fees under its inherent power when a

party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 (1975))); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994) ("Without a finding of fraud or bad faith whereby the very temple of justice has been defiled, a court enjoys no discretion to employ inherent powers to impose sanctions." (internal quotation marks omitted)); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (holding that sanctions are available under the court's inherent authority "if the court specifically finds bad faith or conduct tantamount to bad faith"). After reviewing the record facts, we cannot discern any abuse of discretion in the district court's determination that Balsam's conduct did not meet that bar.

## CONCLUSION

For the reasons stated above, we reverse the district court's decision to award attorney fees to UCP, and we dismiss UCP's cross-appeal.

**REVERSED AS TO APPEAL NO. 18-2231; DISMISSED AS TO APPEAL NO. 18-2253.**

## COSTS

No costs.