NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1575

PETER CHRISTIAN ROPER,

Plaintiff-Appellant,

v.

JO-ANN STORES, INC.,

Defendant-Appellee.

Peter Christian Charles Roper, of Douglas, Arizona, pro se.

Thomas F. Zych, Thompson Hine LLP, of Cleveland, Ohio, for defendant-appellee.

Appealed from: United States District Court for the Central District of California

Judge A. Howard Matz

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1575

PETER CHRISTIAN ROPER,

Plaintiff-Appellant,

v.

JO-ANN STORES, INC.,

Defendant-Appellee.

_____

DECIDED: January 9, 2007

_____

Before LINN, DYK, and MOORE, Circuit Judges.

PER CURIAM.

Peter Christian Roper ("Roper") appeals from a final judgment of the United States District Court for the Central District of California ("district court") dismissing his action for patent and copyright infringement against Jo-Ann Stores, Inc. ("Jo-Ann"). Roper v. Jo-Ann Stores, Inc., No. 04-CV-09654 (C.D. Cal. May 6, 2005) ("Civil Minutes").  Because Jo-Ann's motion to dismiss was granted as unopposed, and because the district court correctly determined that Roper's First Amended Complaint fails to state a claim upon which relief may be granted, we affirm.

DISCUSSION

We review the district court's dismissal of an action for failure to state a claim without deference.  Univ. of W. Va. Bd. of Trs. v. Vanvoorhies, 278 F.3d 1288, 1295

(Fed. Cir. 2002). "Dismissal is proper" when, "after drawing all reasonable inferences in the appellant's favor, it is clear that the appellant can prove no set of facts consistent with his claim that would entitle him to relief." Id. Thus, contrary to Roper's arguments, the Seventh Amendment provides a right to a jury trial only where a plaintiff has demonstrated a triable issue of fact. Fidelity & Deposit Co. of Md. v. United States, 187 U.S. 315, 319–320 (1902). For the reasons that follow, we conclude that dismissal was proper.

### 1. Failure to Oppose Jo-Ann's Motion to Dismiss

As a preliminary matter, we observe that under the Local Rules of the U.S. District Court for the Central District of California, as under many courts' local rules, a party who fails to oppose a motion may be deemed to consent to the granting of that motion. Thus, even if Roper's amended complaint had been meritorious, the district court properly dismissed it when he failed to file any opposition to Jo-Ann's motion to dismiss. This, standing alone, is sufficient grounds for affirmance. However, perhaps because Roper is proceeding pro se, the district court also considered the motion on the merits, and so shall we.

### 2. Patent Infringement

Roper first alleges that Jo-Ann has infringed his U.S. Patent No. 4,713,909 ("the '909 patent"). "Literal infringement of a claim exists when each of the claim limitations 'reads on,' or in other words is found in, the accused device." Allen Eng'g Corp. v. Bartell Indus., 299 F.3d 1336, 1345 (Fed. Cir. 2002). In this case, even if all the alleged facts are taken as true, they would not support a finding that Jo-Ann's accused products infringe either independent claim of the '909 patent. Both claims of the patent require

2006-1575                                    2

multiple "vertically spaced" "sections" or "layers," wherein plants can grow. The accused product is simply a block of rigid green foam, into which a customer can insert flowers in an arrangement. Even if we assume that Jo-Ann's floral foam could, in principle, support growing plants, it completely fails to meet any of the structural limitations of the claims of the '909 patent. It therefore cannot infringe, and dismissal of Roper's patent infringement claims was proper.

### 3.    Copyright Infringement

Roper also alleges that Jo-Ann has infringed his copyrights on various written works. As with his patent infringement claim, the connection between Roper's purported intellectual property and Jo-Ann's activities is far too tenuous to support an infringement claim. Jo-Ann's commercial advertising for floral foam, expressing simple descriptions and images of floral arrangements, cannot, as a matter of law, infringe the copyrights on Roper's works on plant cultivation. To the extent that Roper's complaint challenges not Jo-Ann's advertising, but rather alleged similarities between Jo-Ann's floral foam and Roper's ideas, we echo the district court's observation that "copyright protects only an author's expression of an idea and not the idea itself." Landsberg v. Scrabble Crossword Game Players, Inc., 736 F.2d 485, 488 (9th Cir. 1984). Dismissal of the copyright claims was proper.

### 4.    Discrimination

In addition to his infringement claims, Roper alleges that the district court (and possibly Jo-Ann) discriminated against him on the basis of race. These allegations are without merit. The district court correctly analyzed Roper's claims and properly

concluded that they lacked merit; we have every confidence that the decision would have been the same regardless of his race.

## 5. Sanctions

Finally, Jo-Ann argues that Roper's appeal should be sanctioned as frivolous. However, although Jo-Ann cites to Fed. R. App. P. 38, it neglects to note that sanctions may only be awarded "after a separately filed motion"—not after a request in an appellate brief—or after "notice from the court and reasonable opportunity to respond." Neither condition applies here, and we conclude that action to impose sanctions is unwarranted.

## CONCLUSION

We have considered Roper's remaining arguments and find them to be without merit. Accordingly, the district court's dismissal is affirmed.