NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD SOWINSKI,**
*Plaintiff-Appellant*

**v.**

**CALIFORNIA AIR RESOURCES BOARD, MARY NICHOLS, DANIEL STERLING, PHIL SERNA, JOHN EISENHUT, BARBARA RIORDAN, JOHN BALMES, HECTOR DELATORRE, SANDRA BERG, RON ROBERTS, ALEXANDER SHERIFFS, JOHN GIOIA, JUDY MITCHELL, SRA INTERNATIONAL, INC., MONITORING ANALYTICS, LLC,**
*Defendants-Appellees*

**MARKUT NORTH AMERICA, INC., DOES, 1-100,**
*Defendants*

---

2017-1219

---

Appeal from the United States District Court for the Central District of California in No. 8:15-cv-02123-JLS-JCG, Judge Josephine L. Staton.

---

Decided: December 18, 2017

---

ANTHONY GEORGE GRAHAM, Graham & Martin LLP, Santa Ana, CA, for plaintiff-appellant.

GAVIN GERAGHTY MCCABE, Office of the Attorney General, State of California Department of Justice, Oakland, CA, for defendants-appellees California Air Resources Board, Mary Nichols, Daniel Sterling, Phil Serna, John Eisenhut, Barbara Riordan, John Balmes, Hector DeLaTorre, Sandra Berg, Ron Roberts, Alexander Sheriffs, John Gioia, Judy Mitchell.

NICHOLAS LEE, Arnold & Porter Kaye Scholer, LLP, Los Angeles, CA, for defendant-appellee SRA International, Inc.  Also represented by SEAN MORRIS, RYAN M. NISHIMOTO.

JEFFREY C. MORGAN, Barnes & Thornburg LLP, Atlanta, GA, for defendant-appellee Monitoring Analytics, LLC.  Also represented by Jeffrey Whitefield Mayes, Monitoring Analytics, LLC, Eagleville, PA.

———————————

Before TARANTO, PLAGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant Dr. Richard Sowinski brought this action in the United States District Court for the Central District of California.  The district court dismissed the action because Dr. Sowinski did not oppose the motions to dismiss filed by appellees.  We affirm.

I

On November 24, 2015, Dr. Sowinski filed a complaint in the Superior Court of the State of California, County of Orange, alleging patent infringement, elder abuse, and violations of California Business and Professions Code § 17200 *et seq.*  He named as defendants the California Air Resources Board and Board members Mary Nichols, Daniel Sterling, Phil Serna, John Eisenhut, Barbara Riordan, John R. Balmes, Hector De La Torre, Sandra

Berg, Ron Roberts, Alexander Sheriffs, John Gioia, and Judy Mitchell (collectively, the State Defendants); SRA International, Inc.; Markut North America, Inc.; Monitoring Analytics, LLC; and Does 1–100. SRA removed the case to the United States District Court of the Central District of California on December 21, 2015.

On February 12, 2016, SRA, Monitoring Analytics, and the State Defendants (collectively, appellees) filed motions to dismiss. The parties stipulated that Dr. Sowinski's oppositions to the three motions would be due no later than March 18. But Dr. Sowinski did not file any opposition by the deadline. Instead, on March 31, almost two weeks after the deadline, he filed a First Amended Complaint. Appellees objected to the filing as untimely and separately moved to have it stricken.

On May 4, after meeting and conferring, the parties filed a joint stipulation to: (1) withdraw the First Amended Complaint, (2) withdraw the motion to strike the First Amended Complaint, (3) postpone the hearing on the motions to dismiss, and (4) postpone the scheduling conference. The stipulation includes the following language:

> WHEREAS [Appellees'] agreement to continue the hearing date does not: . . . (b) excuse [Appellant's] failure to timely file oppositions to the pending Motions to Dismiss[] or (c) consent to a subsequent filing by [Appellant] of any oppositions to the pending Motions to Dismiss.

J.A. 285–86. The stipulation also states that "the Parties continue to believe that the Motions to Dismiss are potentially case dispositive." J.A. 286.

The court ruled on the stipulation on May 11. It struck the First Amended Complaint and, as a result, deemed as withdrawn appellees' motion to strike the First Amended Complaint. The court also denied the request

for a hearing, noting that "[b]ecause [appellees'] three Motions to Dismiss are unopposed, no hearing [was] required." J.A. 298. The court entered an order dated May 11 taking the hearing off the calendar. Dr. Sowinski did not seek reconsideration of that order.

On August 18, the court granted appellees' motions to dismiss under Central District of California Local Rule 7-12, which states: "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Conducting a five-factor inquiry prescribed by the Ninth Circuit for dismissal of an action for noncompliance with a local rule, the court concluded that dismissal was appropriate. It further concluded that the dismissal should be with prejudice because Dr. Sowinski "stipulated that 'the Motions to Dismiss are potentially case dispositive,' but nevertheless conceded and reaffirmed that [he] failed to oppose." J.A. 4. The court did not address the underlying merits of the motions.

On September 19, Dr. Sowinski moved for reconsideration of the August 18 dismissal order. Appellees opposed the motion, stating, among other things, that Dr. Sowinski had not followed Local Rule 7-3, which requires any motion to include a statement confirming that a meet-and-confer took place prior to the filing of the motion. On October 26, 2016, the district court struck the motion for reconsideration, both because Dr. Sowinski had violated Local Rule 7-3 and because the earlier dismissal order was proper.

Dr. Sowinski timely appealed the October 26 order striking his motion for reconsideration and the August 18 "final judgments."

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) because a final judgment exists that resolves all claims against all parties in the action. *SafeTCare Mfg., Inc. v. Tele-Made, Inc.*, 497 F.3d 1262, 1267 (Fed.

Cir. 2007) ("For a judgment to be appealable to this court, the district court must issue a judgment that decides or dismisses all claims and counterclaims for each party or that makes an express Rule 54(b) determination that there is no just reason for delay."). Final judgments as to the claims against SRI, Monitoring Analytics, and the State Defendants were entered on August 18, 2016. Because there is nothing in the record to suggest that named defendants Markut North America, Inc., and Does 1–100 were ever served, we do not consider them "parties" for purposes of the final-judgment determination. *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987) (on matters of jurisdiction, this court "look[s] for guidance in the decisions of the regional circuit to which appeals from the district court would normally lie, as well as those of other courts") (internal citations omitted); *Patchick v. Kensington Publ'g Corp.*, 743 F.2d 675, 677 (9th Cir. 1984); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1207 n.4 (9th Cir. 2012) ("Because the other defendants named in the first amended complaint were not served with process, the district court's order dismissing [plaintiff's] first amended complaint as to [the served defendants] 'may be considered final under Section 1291 for the purpose of perfecting an appeal.'") (citation omitted); *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 584 n.5 (9th Cir. 1993) ("Two unserved defendants and Doe defendants were named in the complaint. This does not affect the appealability of the district court's judgment.").

II

Because the issue here involves a local procedural rule not specific to patent matters, and general Ninth Circuit standards for dismissal based on violations of such a local rule, we apply the law of the Ninth Circuit in this case. *See RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1351 (Fed. Cir. 2007); *Biodex Corp. v. Loredan Biomed., Inc.*, 946 F.2d 850, 857 & n.10 (Fed. Cir. 1991).

Under Ninth Circuit law, we review the dismissal here for abuse of discretion. *See Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("A determination of compliance with local rules is reviewed under an abuse of discretion standard."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("The trial court's dismissal should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.") (citations and quotation marks omitted). We conclude that the district court did not abuse its discretion in striking Dr. Sowinski's motion to reconsider the August 18 dismissal order or in dismissing with prejudice in that order.

Central District of California Local Rule 7-3 states that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. The rule further states that the conference "shall take place at least seven (7) days prior to the filing of the motion." *Id.* If the parties are unable to resolve their differences, counsel for the moving party must include the following statement in the notice of motion: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." *Id.*

In this case, Dr. Sowinski's motion for reconsideration did not contain the required statement confirming that a meet-and-confer had taken place. We see no basis for finding an abuse of discretion in the district court's reliance on Local Rule 7-3 to deny the motion. In a number of cases, judges of the Central District of California have insisted on strict adherence to the rule and denied motions for violations. *E.g.*, *Moghaddam v. Liberty Life Assurance Co. of Boston*, No. SACV 14-00505 DDP (DFMx), 2015 WL 5470338, at *2 (C.D. Cal. Sept. 17, 2015); *J&J Sports Productions, Inc. v. Auila*, No. 12-

03817 WDK (FMOx), 2014 WL 12567784, at *1 (C.D. Cal. Feb. 11, 2014). Dr. Sowinski points to no contrary decision of the Ninth Circuit, which, moreover, has recognized district court's "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir. 2002).

The district court also did not abuse its discretion when it dismissed Dr. Sowinski's complaint with prejudice based on his failure to file a brief in opposition. In *Ghazali v. Moran*, the Ninth Circuit affirmed a district court's dismissal of an action based on the plaintiff's failure to oppose the defendant's motion to dismiss. 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). Similarly, in a non-precedential decision, this court observed that "under the Local Rules of the U.S. District Court for the Central District of California, as under many courts' local rules, a party who fails to oppose a motion may be deemed to consent to the granting of the motion" and, on that basis, held that a district court had "properly dismissed" an amended complaint when the plaintiff "failed to file any opposition" to a motion to dismiss. *Roper v. Jo-Ann Stores, Inc.*, 211 F. Appx. 950, 951 (Fed. Cir. 2007). Dr. Sowinski does not identify any contrary precedent.

In any event, even as a general matter, the Ninth Circuit has stated that "[f]ailure to follow a district court's local rules is a proper ground for dismissal," though the district court must analyze the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions.

*Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (internal quotation marks omitted)); *see Ferdik*, 963 F.2d at 1260–61.

Here, the district court considered the enumerated factors and found that the balance favored dismissal. The court concluded that factor (1) "always favors dismissal." J.A. 3 (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)). As for factor (2), the court reasoned that its docket is better served by dismissing cases with idle plaintiffs. *Id.* (citing *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004) (noting that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket.")). Regarding factor (3), the court determined that Dr. Sowinski had made no attempt to rebut the "rebuttable presumption of prejudice to the defendant . . . when a plaintiff unreasonably delays prosecution of an action." *Id.* (quoting *Murphy v. Dep't of Children & Family Services*, No. CV 15-05347-JLS (AJW), 2016 WL 183047, at *3 (C.D. Cal. Jan. 14, 2016)). Despite determining that factors (4) and (5) weighed against dismissal, the court ultimately concluded that the overall balance favored dismissal, particularly because Local Rule 7-12 gave the parties notice that "failure to respond [] consents to the court granting a motion to dismiss without considering the merits." *Id.* (citing *Newman v. Lamont*, No. CV 11-02379 PA (AJW), 2011 WL 5909837, at *3 (C.D. Cal. Oct. 26, 2011)). Finally, the court reasoned that dismissal with prejudice was warranted in this case, particularly because Dr. Sowinski stipulated "that the Motions to Dismiss are potentially case dispositive, but nevertheless conceded and reaffirmed that [he had] failed to oppose" the motions. J.A. 3–4 (internal quotation marks omitted) (citing *Newman*, 2011 WL 5909837, at *3 (dismissing an action with prejudice where the plaintiff failed to oppose a motion to dismiss)).

The court's reasoning as to each factor, the overall balancing of the factors, and the decision to dismiss with prejudice were based on relevant case law and reveal no clear error of judgment. For those reasons, we conclude that the court did not abuse its discretion in dismissing the case with prejudice. We see no basis for a contrary conclusion in any of Dr. Sowinski's arguments.

## III

For the foregoing reasons, the judgment of the district court is affirmed.

No costs.

**AFFIRMED**